**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Miguel NAVARRO–VALLE,
Defendant–Appellant.**

No. 13–50642.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 18, 2014.*

Filed Nov. 25, 2014.

Andre M. Espinosa, Assistant U.S., Bruce R. Castetter, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Stacie Patterson, Law Office of Stacie L. Patterson, San Diego, CA, for Defendant–Appellant.

Before: LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Miguel Navarro–Valle appeals from the district court's judgment and challenges the 12–month sentence imposed following his guilty-plea conviction for being a removed alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Navarro–Valle contends that the district court procedurally erred by granting only a one-level fast-track departure under U.S.S.G. § 5K3.1, rather than the four-level departure requested by the government. "In analyzing challenges to a court's upward and downward departures to a specific offense characteristic or other adjustment under Section 5K, we do not evaluate them for procedural correctness, but rather, as part of a sentence's substantive reasonableness." *United States v. Ellis,* 641 F.3d 411, 421 (9th Cir.2011). Contrary to Navarro–Valle's contention, his within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the need for deterrence. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

Navarro–Valle also argues that the district court violated the separation of powers doctrine by considering an internal Department of Justice memorandum in evaluating the fast-track departure. Even if Navarro–Valle is correct that this claim is reviewable, we are not persuaded. Navarro–Valle has not demonstrated that the

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

court's consideration of the memorandum for "informational" purposes infringed on any prosecutorial power. *See United States v. Miller*, 722 F.2d 562, 565 (9th Cir.1983) ("[S]eparation of powers requires that the judiciary remain independent of executive affairs.").

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.